UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| KEENAN COFIELD, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PASSPORT MOTORS HOLDINGS, INC., *et al.*, <br><br> Defendants. | Civil Action No.: 1:24-cv-02791-RDB |

**DEFENDANT GODADDY.COM, LLC'S**
<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

Respectfully submitted,

By: *s/ Chad E. Kurtz*
CHAD E. KURTZ
Maryland Bar No. 14102
ckurtz@cozen.com
**COZEN O'CONNOR**
2001 M Street NW, Suite 500
Washington, DC 20036
Tel:  (202) 463-2521

and

JEFFREY M. MONHAIT
(*pro hac vice to be submitted*)
jmonhait@cozen.com
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  (215) 665-2084

*Attorneys for Defendant GoDaddy.com, LLC, inadvertently named as GoDaddy.com. Inc.*

1

**I.     INTRODUCTION**

Pro se Plaintiff Keenan Cofield ("Cofield")[1] is a known serial litigant. His Complaint in this action (Doc. 9) is the latest chapter in his history of frivolous, vexatious litigation—a practice that led the Baltimore County Circuit Court to bar him from initiating lawsuits in the State of Maryland more than 25 years ago. Because Cofield failed to comply with the Baltimore County Court's pre-filing order, Cofield's instant Complaint must be dismissed as against GoDaddy.com, LLC, *inadvertently named as* "GoDaddy.com. Inc." ("GoDaddy"). Additionally, Cofield's claim against GoDaddy must be dismissed because Cofield failed to properly file and serve his Complaint, and because Cofield failed to allege any cognizable claim against GoDaddy.

**II.    FACTUAL BACKGROUND**

    **A.     Background On Domain Registration Services**

The internet is a network of interconnected computers. *See Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 18–19 (1st Cir. 2001). Each internet-connected computer must have a unique numeric address, known as an Internet Protocol or "IP" address. *See Am. Online, Inc. v. Huang*, 106 F. Supp. 2d 848, 851 (E.D. Va. 2000); *Lockheed Martin Corp. v. Network Sols., Inc.*, 985 F. Supp. 949, 952 (C.D. Cal. 1997), *aff'd*, 194 F.3d 980 (9th Cir. 1999). IP addresses are strings of numbers that are difficult to remember, but the "Domain Name System" allows a more easily remembered word or phrase—the "domain name"—to be associated with an IP address. *See Am. Online*, 106 F. Supp. 2d at 851; *Lockheed*, 985 F. Supp. at 952.

---

[1] The Complaint lists numerous Plaintiffs who purport to assert different and entirely unrelated allegations and claims against various defendants. *See* Doc. 9. However, Cofield is the only Plaintiff who referenced GoDaddy in any allegations, and Cofield only purported to assert one cause of action against GoDaddy. None of the other Plaintiffs purported to assert any cause of action or allegation as against GoDaddy. Therefore, GoDaddy limits its discussion to Cofield's sparse allegations as to GoDaddy.

2

"[T]o use a domain name in connection with a web site, the web site operator must register the name with one of a number of competing companies known as 'registrars.' Registrars accept domain name registrations on a first-come, first-served basis." *Am. Girl, LLC v. Nameview, Inc.*, 381 F. Supp. 2d 876, 879 (E.D. Wis. 2005). In contrast to domain name registration, "[w]ebsite-hosting services involve storing a website's underlying data on servers. By analogy, a domain name has the relationship to a host server that a street address has to a building." *Blocker v. Bandmine.com*, No. 16–CV–1709, 2017 WL 4287215, at *5 (D. Or. Aug. 25, 2017), *report and recommendation adopted*, 2017 WL 4287470 (D. Or. Sept. 26, 2017). A website host thus leases space on its servers to store customers' files for their websites. *See id.*

GoDaddy is a domain name registrar, meaning it manages the reservation of Internet domain names that members of the public register through GoDaddy. *See e.g.*, *Acad. of Motion Picture Arts & Scis. v. GoDaddy.com, Inc.*, No. CV 10–03738, 2015 WL 5311085, at *1-2 (C.D. Cal. Sept. 10, 2015). GoDaddy also offers numerous other online products and services to the public, including web hosting services, designed to help "individuals and small businesses get online" and "manage their online presence." *Id.* at *1.

### B.   Cofield's History Of Frivolous, Vexatious Litigation

Cofield is a notorious serial litigant with a decades-long history of filing meritless litigation in state and federal courts. His notoriety in federal court dates back more than thirty years, when the Eleventh Circuit described him as "a con-artist who [seeks] to use the legal system to extort settlements from unsuspecting parties." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991). The following year, the Sixth Circuit affirmed Cofield's conviction for wire fraud relating to a scam lawsuit, noting he "admitted to having filed 150–200 similar lawsuits, 95% of which were scams for profit." *United States v. Cofield*, 960 F.2d 150 (Table), 1992 WL 78105, at *1 (6th Cir. 1992). In 2014, the District of New Jersey dubbed Cofield a "recreational

3

litigant," someone "who engages in litigation as sport and files numerous submissions with little regard for substantive law or court rules." *Cofield v. United States*, No. 14-2637 RMB, 2014 WL 1745018, at *1 (D.N.J. Apr. 30, 2014) (citations and internal quotation marks omitted). In that case, the court acknowledged Cofield's extensive history of frivolous litigation, noting he had previously "commenced *one hundred and fifteen* civil matters in various federal district courts" around the country. *Id*. (emphasis in original). In addition, the district court noted that Cofield "filed over twenty appellate actions with the United States Courts of Appeals for the Fourth, Sixth, Eleventh and Federal Circuits and several actions with the United States Supreme Court." *Id*.

Cofield has initiated multiple lawsuits in the United States District Court for the District of Maryland. In 2022, the Court placed him under a pre-filing injunction after he tried to intervene in litigation in which he had no interest. *See* Request for Judicial Notice ("RJN") at Ex. 1, *Lacks v. Thermo Fisher Scientific, Inc*., Case No. 21-2524-DLB, ECF No. 65 (the injunction was limited to filings in that case). More recently, in *Cofield v. Passport Motors Holdings, Inc*., Cofield filed a complaint that was very similar to the one at issue here. 686 F. Supp. 3d 424 (D. Md. 2023). Cofield initiated the case in the Circuit Court for Baltimore City before it was removed to the District of Maryland. *Id.* at 425. The Court dismissed the complaint *sua sponte* for failure to state a claim. *Id.* at 429.

Cofield also has a long history of vexatious litigation in Maryland state court. A "Party Search" for Cofield's name in the online Maryland Judiciary Case Search, accessible at https://casesearch.courts.state.md.us/casesearch/inquiry-search.jsp (last accessed October 7, 2024), indicates that Cofield has been involved in more than ninety cases in state court. *See also* RJN at Ex. 2, *Cofield v. Walgreens Co*., No. 1:21-cv-01187-SAG, ECF No. 31 (defendants' motion to dismiss), at ECF No. 31-1 at 1 n.1 ("a search of Maryland's judiciary case search… shows more

4

than fifty (50) Maryland state cases involving the Plaintiff"). In one case, *Felder v. McDonald's*, the Circuit Court for Baltimore County dismissed an alleged multi-million dollar lawsuit that concerned the amount of free sauce provided with McDonald's Chicken McNuggets. *See* RJN at Ex. 2, *Cofield v. Walgreens Co.*, No. 1:21-cv-01187-SAG, at ECF No. 31-2 (attaching a copy of the 1998 Order in *Felder v. McDonalds Corp.*, No. 03-C-97-59 (Cir. Ct. Md.)). The Court in *Felder* also sanctioned Cofield and enjoined him "from filing any civil action in any court in the State of Maryland" without attaching a copy of the *Felder* memorandum and order to give "notice to such court of Plaintiff Cofield's history as a vexatious and frivolous litigator." *Id.*

### C. Cofield's Complaint

The current action began when a Complaint listing Cofield and multiple co-plaintiffs was filed in the Circuit Court for Baltimore City, followed by a series of purported partial amendments to the Complaint. The partial amendment adding GoDaddy as a defendant was filed on or about August 14, 2024. *See* Doc. 9 at p.1. The Complaint was removed to this court on September 28, 2024. Doc. 1. Although Cofield's Complaint is largely incomprehensible, GoDaddy attempts to summarize Cofield's allegations. The Complaint ostensibly contains dozens of claims against multiple defendants, most of which are entirely unrelated. *See generally* Doc. 9. The claims range from negligence claims regarding Cofield's car's allegedly defective brakes to allegations of food poisoning at a Texas Roadhouse restaurant. *See generally* Doc. 8-9.

As to GoDaddy, Cofield claims that he registered more than 3,000 domains with GoDaddy and that he was, at one point, the "WORLD [sic] largest owner of domain names." *See* Doc. 9 at 44.[2] He further alleges that the transactions in which he ostensibly registered those domains never should have occurred because, according to Cofield, GoDaddy was not registered to do business

---

[2] Citations to the Complaint (Doc. 9) refer to the ECF pagination at the top of each page.

5

in the State of Maryland. *Id.* Cofield further claims that GoDaddy transferred three domains he owned to "State Farm and Capitol [sic] One." *Id.* at 52. Cofield seeks $4 billion in damages. *Id.* at 53.

## III.  LEGAL STANDARD

### A.  Dismissal For Failure To Comply With Court Order

"A court may dismiss an action based on a plaintiff's failure to comply with any order." *Lufti v. Training Etc., Inc.*, 787 F.App'x 190, 191 (4th Cir. 2019) (citing Fed. R. Civ. P. 41(b)); *see also United States v. Beckton*, 740 F.3d 303, 306 (4th Cir. 2014) (stating that acting pro se is not a license to ignore "relevant rules of procedural and substantive law"). Moreover, "[f]ederal courts have the power and obligation to protect themselves from abusive filing of frivolous and repetitive claims." *Arnold v. CitiMortgage, Inc.*, 578 F. Supp. 2d 801, 803 (D. Md. 2008) (quoting *McMahon v. F/M Bank-Winchester*, 45 F.3d 426 (4th Cir. 1994)). "The [C]ourt has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Id.* (alteration in original) (quoting *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (en banc)).

### B.  Dismissal For Insufficient Process

When a case is removed to federal court, the district court will apply state law in analyzing the sufficiency and service of process before removal. *See Eccles v. National Semiconductor Corp.*, 10 F. Supp. 2d 514, 519 (D. Md. 1998). Maryland Rule 2-121(a) requires that service of process include service of a summons, complaint, and all other papers filed with it. Under Maryland Rule 2-341(e), a plaintiff seeking to amend his complaint must file "a comparison copy of the amended pleading showing by lining through or enclosing in brackets material that has been stricken and by underlining or setting forth in bold-faced type new material." In striking amendments, the Maryland Court of Special Appeals has "note[d] the rule's use of the mandatory

6

language 'shall file,' and the requirement that the comparison copy show the manner in which the amended pleading differs from the previously filed pleading." *Bahr v. Hughes*, 2018 WL 1081364, at *8 (Md. Ct. Spec. App. Feb. 27, 2018).

      **C.**      **Dismissal For Failure To State A Claim Upon Which Relief Can Be Granted**

A cause of action must be dismissed under Rule 12(b)(6) for failure to state a claim "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). The allegations must raise the right to relief beyond "possibility" and "above the speculative level." *See id.* at 555, 557. When analyzing a complaint for failure to state a claim for relief, the well-pled factual allegations are taken as true and construed in the light most favorable to the non-moving party. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). However, legal conclusions and conclusory factual allegations are not entitled to an assumption of truth. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (the pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Ultimately, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[A] formulaic recitation of the elements . . . will not do," and neither will "a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation omitted).

Although federal courts must liberally construe a pro se litigant's claims, this requirement "does not transform the court into an advocate[.]" *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The Fourth Circuit has noted that "a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). "[J]udges are not like pigs, hunting for truffles buried in briefs." *Cofield v.*

*Passport Motors Holdings, Inc.*, 686 F. Supp. 3d at 429 (quoting *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. Four-C-Aire, Inc.*, 42 F.4th 300, 315 (4th Cir. 2022)).

IV.   **ARGUMENT**

   A.   **Cofield Is Barred From Filing Suit**

This Court should dismiss Cofield's claim against GoDaddy for his failure to comply with a pre-filing injunctive order. *See Lufti*, 787 F.App'x at 191.

On January 12, 1998, the Circuit Court for Baltimore County issued an order enjoining Cofield from filing pleadings in its court unless the pleading was first submitted to a judge of the Court for a preliminary determination that the pleadings were not frivolous. The Circuit Court further prohibited Cofield from "filing any civil action in any court in the State of Maryland …unless each such pleadings are accompanied by a copy" of the order from the Circuit Court for Baltimore County delineating the injunction on Cofield's right to file pleadings, along with the "Court's Memorandum Opinion filed September 8, 1997." *See* RJN at Ex. 2, *Cofield v. Walgreens Co.*, No. 1:21-cv-01187-SAG, at ECF No. 31-2. Because Cofield filed his Complaint in the Circuit Court for Baltimore City, Cofield was required to file both documents with his Complaint. Cofield included only part of the Court's order and failed to include the Court's memorandum opinion.

Buried in his 600-page Complaint and its partial amendments, Cofield submitted a truncated copy of the order, which omitted the case caption and the first page of the order. *See* Doc. 6-5 at 119–200, 202. Cofield left out entirely the Baltimore County Circuit Court's memorandum opinion. The pre-filing order requires the filing of both documents to "giv[e] notice to such court of Plaintiff Cofield's history as a vexatious and frivolous litigator." *See* RJN at Ex. 2, *Cofield v. Walgreens Co.*, No. 1:21-cv-01187-SAG, at ECF No. 31-2. Cofield's failure to provide both documents defeats the explicit purpose of the pre-filing order. Because Cofield failed to comply with this order, this court should dismiss Cofield's complaint with prejudice. *Lufti*, 787

8

F.App'x at 191; *see also An Thai Tu v. Knott*, No. 2535, Sept. term, 2015, 2017 WL 875995, at *1 (Md. Ct. Spec. App. Mar. 6, 2017) (affirming a Maryland state circuit court's dismissal of a complaint for failing to comply with a pre-filing order).

This Court has dismissed other complaints filed by Cofield for failure to comply with this pre-filing injunctive order. *See, e.g.,* RJN at Ex. 3, *Cofield, et al. v. Passport Motor Holdings, Inc., et al.*, No. GLR-22-1989 (D.Md. October 31, 2022), ECF No. 59. This Court should do the same here.

## B.    Cofield Failed To Properly File And Serve His Complaint

Cofield failed to comply with the Maryland Rules for service of process. *See Eccles*, 10 F. Supp. 2d at 519 (noting that it is "well-settled that state law governs the sufficiency and service of process before removal"). Instead of following Maryland Rule 2-341 for amending their Complaint, Cofield filed a Complaint and then a series of separate purported partial amendments. *See* Doc. 6, 8-9. Under Maryland Rule 2-341(e), a plaintiff seeking to amend his complaint must file "a comparison copy of the amended pleading showing by lining through or enclosing in brackets material that has been stricken and by underlining or setting forth in bold-faced type new material." Cofield's partial amendments do not contain any redline or comparison copy.

Because Rule 2-341(e) uses the "mandatory language 'shall file,'" and requires "that the comparison copy show the manner in which the amended pleading differs from the previously filed pleading," this Court may dismiss Cofield's Complaint or strike his purported amendments on that basis.[3] *Bahr*, 2018 WL 1081364, at *8. This Court should do just that.

---

[3] Cofield's purported partial amendments also fail to comply with the Federal Rules and the Local Rules of this Court.  Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "a party may amend its pleading once as a matter of course" in certain circumstances, but all other amendments require the Court's leave or the written consent of the opposing parties. Fed. R. Civ. P. 15(a)(1)-(2). Similarly, Local Rule 103(6) sets forth additional requirements for Amendments of Pleadings in this Court.

**C.     Cofield Failed To State A Claim Upon Which Relief Can Be Granted**

Cofield's Complaint and its partial amendments, like Cofield's prior frivolous lawsuits in other courts, consist of nothing other than "obscure or extravagant claims which defy any effort to unravel them." *Cofield v. Passport Motors Holdings, Inc.*, 686 F. Supp. at 429 (internal citations omitted). Cofield ostensibly alleges that GoDaddy was not registered to do business in Maryland and that GoDaddy should thus not have let Cofield purchase any services from GoDaddy.[4] Doc. 6-25 at 37. It is unclear from these allegations what claim Cofield is attempting to lay out. Even if it were, Cofield alleges "no factual predicate for the claims asserted." *Cofield v. Passport Motors Holdings, Inc.*, 686 F. Supp. at 429. As a result, Cofield's allegations are entirely deficient, and this Court should summarily dismiss his claims because "[u]nder such circumstances, 'principles of judicial economy and common sense counsel in favor of dismissing all claims and terminating this fruitless litigation.'" *Id.* (quoting *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 521 (D. Md. 2016)).

Beyond these fundamental deficiencies, Cofield violated the requirements of Federal Rule of Civil Procedure 8. Cofield failed to provide a "short and plain" statement of his claim. *See* Fed. R. Civ. P. 8(a). "Unintelligible complaints that contain nonspecific allegations do not comply with Rule 8." *Robinson v. Moynihan*, No. 3:21CV122, 2021 WL 2346107, at *2 (E.D. Va. June 8, 2021). Cofield's allegations are not short and plain, but rather convoluted and rambling. They contain the type of "unadorned, the defendant-unlawfully-harmed me accusations" that courts

---

[4] GoDaddy is registered to do business in the State of Maryland. *See* RJN at Ex, 4. This Court may take judicial notice of the business registration records maintained by the State because they are matters of public record. *See* Fed. R. Evid. 201 (governing judicial notice); *Hanks v. Wavy Broad., LLC*, No. 2:11CV439, 2012 WL 405065, at *4 (E.D. Va. Feb. 8, 2012) ("Information that is readily accessible through the State Corporation Commission's website is a matter of public record, of which the Court may take judicial notice."); *see also Hoops v. United Bank*, No. CV 3:22-0072, 2022 WL 2400039, at *5 (S.D. W. Va. July 1, 2022).

frequently dismiss. Even construed liberally as a pro se pleading, "under any construction of the allegations in his complaint, Cofield failed to state a claim upon which relief can be granted" as against GoDaddy. *Cofield v. Corizon Inc.*, No. CIV. CCB-14-0008, 2015 WL 540709, at *1 (D. Md. Feb. 9, 2015) (dismissing complaint based on failure of pro se plaintiff to comply with Rule 8).

## V.   CONCLUSION

Cofield's unintelligible Complaint and its accompanying purported partial amendments violate Rule 8 and fail to state a claim under Rule 12(b)(6). They should be dismissed with prejudice as against GoDaddy.

Respectfully submitted,

By: *s/ Chad E. Kurtz*
CHAD E. KURTZ
Maryland Bar No. 14102
ckurtz@cozen.com
**COZEN O'CONNOR**
2001 M Street NW, Suite 500
Washington, DC 20036
Tel:  (202) 463-2521

and

JEFFREY M. MONHAIT
(*pro hac vice to be submitted*)
jmonhait@cozen.com
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel:  (215)-665-2084

*Attorneys for Defendant GoDaddy.com, LLC inadvertently named as GoDaddy.com. Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 7th day of October, 2024, I electronically filed the foregoing using the CM/ECF system which will send the notifications to all parties registered below:

Christopher C. Dahl
Sabrina N. Marquez
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC
100 Light Street, 19th Floor
Baltimore, MD 21202
cdahl@bakerdonelson.com
smarquez@bakerdonelson.com

*Attorneys for Defendant X Corp*

Brandon Kareem Wharton
Jared Samuel Dvornicky
GALLAGHER EVELIUS & JONES LLP
218 North Charles Street
Suite 400
Baltimore, MD 21201
bwharton@gejlaw.com
jdvornicky@gejlaw.com

*Attorneys for Defendant LinkedIn*

Thailer Adelaja Buari
Mary Catherine Zinsner
Troutman Pepper Hamilton Sanders LLP
401 Ninth St NW, Suite 1000
Washington, DC 20004
thailer.buari@troutman.com
mary.zinsner@troutman.com

*Attorneys for Defendant Navy Federal Credit Union*

Mary Catherine Zinsner
Troutman Pepper Hamilton Sanders LLP
401 9th Street, N.W., Suite 1000
Washington, DC 20004
mary.zinsner@troutman.com

*Attorneys for Defendant Navey Federal Asset Management, LLC*

Brian L Moffet
Michael Benjamin Brown
Miles & Stockbridge, P.C.
100 Light Street
Baltimore, MD 21202
bmoffet@milesstockbridge.com
mbbrown@milesstockbridge.com

*Attorneys for Defendant Truist Bank*

Jessica Hepburn Sadler
Matthew D. Lamb
Ballard Spahr LLP
1909 K Street, Northwest
12th Floor
Washington, DC 20006
sadlerjh@ballardspahr.com
lambm@ballardspahr.com

*Attorneys for Defendant Wells Fargo Bank, Wells Fargo Bank/Financial Acceptance Delaware, Inc., and Wells Fargo Advisors Financial Network, LLC*

| | |
|---|---|
| Michael Benjamin Brown<br>Miles & Stockbridge, P.C.<br>100 Light Street<br>Baltimore, MD 21202<br>mbbrown@milesstockbridge.com<br><br>*Attorneys for Defendants M&T Bank Corp., M&T Bank Corporation, M&T Bank Corporation Legal Document Processing, and M&T Bank Corporation Legal Document Processing for M&T Bank* | Emily Michele Patterson<br>McGuireWoods LLP<br>500 East Pratt Street<br>Suite 1000<br>Baltimore, MD 21202<br>epatterson@mcguirewoods.com<br><br>*Attorneys for Defendant JP Morgan Chase Bank* |

Anne J Martin
Alston & Bird LLP
950 F St NW
Washington, DC 20004
anne.martin@alston.com

*Attorneys for Defendant T-Mobile USA, Inc.*

and

Under penalty of perjury under the laws of the State of Maryland that a copy of the foregoing document was provided to the parties listed below via US mail:

| | |
|---|---|
| Keenan Cofield<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* | Queen Billy<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* |
| Laverne Thompson<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* | Kevin L. Cofield, Sr.<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* |
| Kayla Need<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* | Orian D. Cofield<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* |
| Luluk Novi Fatwamati<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* | Arviette L. Cofield<br>1236 Kendrick Road<br>Rosedale, Maryland 21237<br>*Plaintiff* |

                                                     *s/Chad E. Kurtz*