IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **DR. KEENAN COFIELD,** *et al.*, | * |
| | * |
| **Plaintiffs** | * |
| | *   Civ. No.: MJM-24-2791 |
| v. | * |
| | * |
| **GOOGLE LLC,** *et al.*, | * |
| | * |
| **Defendants.** | * |
| | * |

* * * * * * * * *

## MEMORANDUM

Self-represented plaintiffs Keenan Cofield ("Cofield"), Kayla Nedd, Luluk Novi Fatwamati, Queen Billy, Kevin L. Cofield, Orian Cofield, Arviette Cofield, Chere Nedd, and Allysa Sorto (collectively, the "Plaintiffs") filed in the Circuit Court of Maryland for Baltimore City this singular civil action against dozens of corporate, municipal, and individual defendants, asserting claims under federal and state law. ECF 1-3, ECF 8 & ECF 9 (collectively, Third Amended Complaint or the "TAC"). Cofield and the other Plaintiffs allege violations of various state and federal laws and regulations through a sprawling and, at times, incoherent compilation of seemingly unrelated vignettes comprised of generalized allegations and often dubious legal conclusions. *See id.* The TAC presents as a disorganized assortment of groups of claims with no readily apparent relation to one another, but apparently ascribed to different sub-groupings of the Plaintiffs and asserted against various sub-groupings of the numerous defendants. Plaintiffs seek billions of dollars in compensatory and punitive damages and various forms of injunctive relief. *See id.*

1

Defendant X Corp., with the consent of several other defendants who had been served, removed the matter to this Court on September 28, 2024. ECF 1. Thereafter, Plaintiffs filed a motion to remand the case to state court, ECF 105, and various other filings, some of which appear to challenge the notice of removal. Several defendants filed responses in opposition to Plaintiffs' motion, and those defendants, among others, filed motions to dismiss the case. Since that time, X Corp. and many other defendants have been voluntarily dismissed from the case, *see, e.g.*, ECF 67 (notice of voluntary dismissal as to X Corp. and Elon Musk), rendering any motions filed by these defendants moot, *see, e.g.*, ECF 24 (X Corp. and Elon Musk's motion to dismiss).

Now pending are Plaintiffs' motion to remand, several motions to dismiss filed by various groups of defendants, and numerous other motions. No hearing is necessary to resolve the motions. *See* Loc. R. 105.6 (D. Md. 2025). For reasons explained below, the Court shall sever and remand obviously misjoined state-law claims asserted against certain defendants, otherwise deny Plaintiffs' motion to remand, and dismiss the remaining claims as frivolous and for failure to state plausible claims for relief.

**I.    MISJOINDER**

Perhaps the most glaring defect in the TAC is its disordered combination of many clusters of claims that have no readily apparent relation to one another. Some of the claims and defendants are clearly and obviously misjoined in this case. Rule 20 of the Federal Rules of Civil Procedure provides that persons "may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. (a)(2). "Under Rule 20, 'reasonably related claims' may be tried together." *Sykes v. Bayer Pharms. Corp.*, 548 F. Supp. 2d

2

208, 218 (E.D. Va. 2008) (quoting *Saval v. BL Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983)). "But, Rule 20 does not authorize a plaintiff to add claims against different parties that present entirely different factual and legal issues." *Id.* (citation and internal quotation marks brackets omitted); *see also Mitchell v. Commonwealth of Virginia*, No. 3:22CV783, 2023 WL 174957, at *2 (E.D. Va. Jan. 12, 2023), *aff'd sub nom. Mitchell v. Virginia*, No. 23-6077, 2023 WL 2583688 (4th Cir. Mar. 21, 2023) ("The Federal Rules of Civil Procedure place limits on a plaintiff's ability to join multiple defendants in a single pleading.") (citing Fed. R. Civ. P. 20(a)).

> Courts typically evaluate whether claims arise out of the same transaction' or occurrence "on a case by case basis." *Saval*, 710 F.2d at 1031. "The 'transaction or occurrence test' of the rule 'would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary.'" *Id.* (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)) . . . . The common question of law or fact prong is similarly flexible: Rule 20(a) "does not require that every question of law or fact in the action be common among the parties; rather, the rule permits party joinder whenever there will be *at least one* common question of law *or* fact." *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 384 (D. Md. 2011) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 1653 (3d ed. 2001)).

*Yarm Hammadi v. Rubio*, Civ. No. BAH-24-2952, 2025 WL 2043719, at *9 (D. Md. July 21, 2025).

The "flexibility of this standard[,]" *Stephens v. Kaiser Found. Health Plan of the Mid-Atl. States, Inc.*, 807 F. Supp. 2d 375, 383 (D. Md. 2011), is difficult to square with the general convolution and incoherence of the TAC in this case. Still, there are certain claims asserted in the TAC that strike this Court as obviously unrelated to, and misjoined with, the conglomerate of other claims.

3

Specifically, the TAC asserts certain state-law negligence claims against the City of Baltimore and a group of related defendants (collectively, the "City Defendants") arising from an auto accident. *See* ECF 1-3 at 409–16, 452–59; ECF 9 at 36–44.[1] The only other claims in the TAC that appear to bear any legal or factual relation to the claims asserted against the City Defendants are several state-law negligence claims asserted against Passport Motorcars, Inc. and a group of related defendants (the "Passport Defendants") arising from the pre-sale inspection and sale of a vehicle later involved in an auto accident. *See* ECF 1-3 at 17–29, 39–40. The foregoing defendants are clearly misjoined with the numerous other defendants in this case, who have entirely separate and unrelated claims asserted against them. There are no common legal or factual questions between the claims asserted against the City Defendants and the Passport Defendants, and those asserted elsewhere in the TAC; nor do they arise from the same transaction, occurrence, or series of transactions or occurrences.

Rule 21 provides that, where there is misjoinder, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party[]" or "sever any claim against a party." Fed. R. Civ. P. 21. In consideration of the clear misjoinder between the City Defendants and the Passport Defendants on one hand, and the dozens of other defendants on the other hand, the Court shall sever these defendants and claims pursuant to Rule 21. The Court finds severance to serve efficient and sound judicial administration and the interest of justice.

## II.    MOTION TO REMAND

On October 30, 2024, Plaintiffs filed a motion to remand the case to state court. ECF No. 105. Several defendants have filed oppositions to Plaintiffs' motion, and others did not. Among

---

[1] The TAC purports to use paragraph-numbering, but the paragraph numbers are far from consistent, and the pages are not numbered. The Court will cite the pleading by ECF document number and PDF page number.

4

those who did not oppose remand, and apparently did not consent to removal, are the City Defendants and the Passport Defendants, who, for reasons explained in Part I *supra*, are subject to severance under Rule 21. The claims asserted against these defendants are purportedly based on state tort law and do not present any federal question. *See* 28 U.S.C. § 1331 (providing "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"). Further, there is no diversity of citizenship between these Maryland-based defendants and the Plaintiffs, who are Maryland residents. *See* 28 U.S.C. § 1332 (providing "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different States"). Accordingly, this Court lacks subject matter jurisdiction of the claims asserted against the severed defendants and, in consideration of the severance, declines to exercise any supplemental jurisdiction it may have. These severed state-law claims shall be remanded to state court.

Still, Plaintiffs seek remand of the entire case to the Circuit Court of Baltimore City, including claims that either cite or appear to rely upon federal statutes. ECF 105. As best the Court can discern, Plaintiffs state four reasons that remand is in order. First, Plaintiffs argue that the Notice of Removal filed by X Corp. on September 28, 2024, ECF No. 1, is untimely because another defendant was allegedly served more than 30 days earlier. ECF No. 105 at 8, 12. Second, Plaintiffs argue each defendant must file a formal, written consent to removal, which was not done here. *See id.* at 3, 7–9. Third, Plaintiffs allege that X Corp. failed to serve the Notice of Removal on two of the ten Plaintiffs: Chere Nedd and Allysa Sorto. *See id.* at 8–9. Fourth, Plaintiffs argue that because they dismissed their claims against X Corp., this Court no longer has jurisdiction. *See id.* at 4.

5

The defendants who both consented to removal and oppose Plaintiffs' motion for remand include Wells Fargo Bank, N.A., and Wells Fargo Advisors Financial Network, LLC (together, "Wells Fargo"), ECF 130; Walmart, Inc. and related defendants (collectively, "Walmart"), ECF 133; Google LLC and related defendants (collectively, "Google"), ECF 134; and GoDaddy.com, LLC ("GoDaddy"), ECF 137. The Court agrees with these defendants that Plaintiffs' motion for remand is without merit and must be denied.

As an initial matter, it is not clear that Plaintiffs' motion is timely. *Compare* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal[.]") *with* ECF No. 105 at 17 (Plaintiffs filed their Motion to Remand alleging procedural defects two days *after* their 30-day deadline—despite listing the service date in the certificate of service as two days earlier). In any event, the Court accepts Plaintiffs' motion as timely and rejects its arguments as meritless.

First, 28 U.S.C. 1446(b)(2)(B) provides that "[e]ach defendant" may remove within 30 days after service "on that defendant[.]" The fact that other defendants might have been served earlier in the case is immaterial to the deadline for X Corp.'s removal notice, which, in fact, was timely filed.

Second, although 28 U.S.C. § 1446(b)(2)(A) requires "defendants who have been properly joined and served" to "join in or consent" to removal, the statute does not address "how the defendants must coordinate" or "indicate the form" of consent. *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 740–41 n.1 (4th Cir. 2013). Thus, even if all the defendants named in Plaintiffs' complaint were "properly joined"—which is unlikely, *see* Part I *supra*—Plaintiffs'

6

assertion that each defendant had to file a written consent to removal is unsupported.[2] *See id.* at 742 (recognizing there is no requirement that all "defendants sign the notice of removal or file a separate notice of removal complying with § 1446(b).").[3]

Third, Plaintiffs Chere Nedd and Allysa Sorto were not prejudiced by X Corp.'s alleged failure to personally serve them. "Remand on the basis of failure to comply with § 1446(d) is generally improper, absent prejudice to the plaintiff." *Loper v. Howard Cnty. Pub. Sch. Sys.*, Civ. No. ELH-20-3789, 2021 WL 3857857, at *4 (D. Md. Aug. 27, 2021) (citations omitted). Here, the certificate of service attached to the Notice of Removal indicates that X Corp. served the notice to eight of the Plaintiffs via U.S. Mail at the address 1236 Kendrick Road, Rosedale, Maryland 21237, ECF No. 1 at 6, which is the same the address of the two plaintiffs who allegedly were not served, Nedd and Sorto, ECF No. 105 at 17. Since X Corp.'s notice of removal, Plaintiffs (including Need and Sorto) have submitted dozens of filings, including their motion to remand and other motions seeking a range of relief. Accordingly, the Court declines to remand the case absent a showing of prejudice. *See, e.g.*, *Loper*, 2021 WL 3857857, at *4 ("Clearly, plaintiff was not prejudiced, because she timely asserted a motion to remand, albeit on a ground that does not require a remand.").

---

[2] Indeed, X Corp. filed its Notice of Removal and stated that it had received the consent of all the defendants that it knew had been properly served, *see* ECF 1 at 3–4, which is sufficient where, as here, the "nonsigning attorneys" have evidenced or will evidence their consent by "signing papers and otherwise performing as officers of the court" after removal. *Mayo*, 713 F.3d at 742.

[3] Plaintiffs' argument that remand is necessary because X Corp. failed to properly serve co-defendants also misses the mark. 28 U.S.C. § 1446 requires service on "adverse parties," not co-defendants. Moreover, the right to service is personal to the party to be served; therefore, a different party may not assert insufficient service on another party's behalf. *See, e.g.*, *Blanco v. Knight Transp., Inc.*, 21-cv-00040, 2021 WL 8053529, at *3 (W.D. Tex. Oct. 15, 2021) (collecting cases); *Church Mut. Ins. Co. v. Storm Team Constr., Inc.*, No. 2:21-CV-31-D, 2022 WL 990511, at *2 (E.D.N.C. Mar. 31, 2022) (same).

Finally, Plaintiffs' voluntary dismissal of X Corp. does not affect the propriety of removal here. "The removability of a case 'depends upon the state of the pleadings and the record at the time of the application for removal.'" *Francis v. Allstate Ins. Co.*, 709 F.3d 362, 367 (4th Cir. 2013) (quoting *Ala. Great S. Ry. Co. v. Thompson*, 200 U.S. 206, 216 (1906)). Thus, X Corp.'s voluntary dismissal after removal "would not alter federal jurisdiction, which is fixed at the time the complaint or notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008) (citations omitted). Regardless, X Corp.'s dismissal did not rid the case of all remaining claims asserted under federal law, nor did it displace this Court's discretion to exercise supplemental jurisdiction of any state-law claims related to the federal claims. *See* 28 U.S.C. § 1367(c); *see also Hutcherson v. Lim*, 444 F. App'x 679, 680 (4th Cir. 2011) (noting that fairness to the parties, judicial economy, and whether the plaintiff has engaged in any "manipulative tactics" are relevant considerations when a district court considers whether to remand a case).

In sum, the motion to remand will be granted in part and denied in part. The state-law tort claims against the severed defendants will be remanded to the Circuit Court of Baltimore City. The remaining claims—which are asserted under multiple federal and state statutes and regulations, as well as state common law—shall not be remanded. The merits of the remaining claims are addressed below.

### III.   MOTIONS TO DISMISS

Several of the defendants have filed motions to dismiss the case, including Wells Fargo, ECF 14; GoDaddy, ECF 28; Walmart, ECF 89; Google, ECF 98; Equifax, Inc. and related defendants (collectively, "Equifax"), ECF 109; Verizon Americas LLC and related defendants (collectively, "Verizon"), ECF 115; and PNC Bank N.A. ("PNC Bank"), ECF 143. The claims

asserted against these defendants appear to be based on an assortment of federal and state laws and regulations. Plaintiffs filed a response to some of the motions to dismiss, ECF 106, which, like their pleadings, are generally disjointed, disorganized, repetitive, and generally unresponsive to meritorious arguments presented in the motions. For the reasons presented in the motions to dismiss, the Court shall grant them and dismiss all remaining claims.

For its part, Equifax's motion to dismiss relies, in part, on the doctrine of res judicata. ECF 109. "Res judicata or claim preclusion bars a party from suing on a claim that has already been 'litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action.'" *Ohio Valley Env't Coal v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009) (quoting 18 James Wm. Moore et al., *Moore's Federal Practice* § 131.10(1)(a) (3d ed. 2008)). Dismissal with prejudice is the appropriate disposition when a plaintiff's claims are barred by res judicata. *See Reid v. New Century Mortg. Corp.*, Civ. No. PX-18-233, 2018 WL 4538585, at *6 (D. Md. Sept. 20, 2018). Because "federal court[s] must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered," *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984), the preclusive effect in this matter is determined by Maryland law. Under Maryland law, res judicata provides grounds for dismissal if a defendant establishes that: "(1) the parties in the present litigation are the same or in privity with the parties to the earlier action; (2) the claim in the current action is identical to the one determined in the prior adjudication; and (3) there was a final judgment on the merits in the previous action." *Bank of N.Y. Mellon v. Georg*, 175 A.3d 720, 725 (Md. 2017). A claim is "identical" to an earlier one if the second suit arises out of the same transaction or series

of transactions as the earlier claim. *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman*, 731 A.2d 916, 928 (Md. 1999)).

The Court takes judicial notice of the court records attached to Equifax's motion and finds that the claims asserted against Equifax in the TAC, arising from an alleged data breach and alleged fraud and violations of SEC regulations, are the same claims dismissed from this action with prejudice while it was in state court, *see* ECF 109-4. The Baltimore City Circuit Court dismissed these claims with prejudice. *Id.* This Court must give effect to the dismissal order entered in state court and dismiss the claims against Equifax with prejudice.

Most of the remaining motions to dismiss point out a largely overlapping set of deficiencies in the TAC that render it subject to dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint need not always include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action. *Twombly*, 550 U.S. at 555–56 (internal quotation marks omitted). Federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam). But "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a

cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (cleaned up). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Id.* "[T]ender[ing] 'naked assertion[s]' devoid of 'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (third alteration in *Iqbal*).

Importantly, "pro se filings are 'h[e]ld to less stringent standards than formal pleadings drafted by lawyers.'" *Folkes v. Nelsen*, 34 F.4th 258, 272 (4th Cir. 2022) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Accordingly, the Court must construe pro se pleadings liberally. *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 1376 (2021). But "liberal construction does not require [the Court] to attempt to 'discern the unexpressed intent of the plaintiff[;]'" the Court need only "determine the actual meaning of the words used in the complaint." *Williams v. Ozmint*, 716 F.3d 801, 805 (4th Cir. 2013) (quoting *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006) (en banc)). Thus, a pro se complaint "still 'must contain enough facts to state a claim for relief that is plausible on its face.'" *Thomas v. The Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016) (quoting *King v. Rubenstein*, 825 F.3d 206, 212, 214 (4th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570)).

The Court has sought to give the TAC liberal construction without reading legally cognizable claims into the pleading that are not there. Setting aside the remanded state-law claims, and setting aside its many unsupported legal conclusions, Plaintiffs' often rambling and incoherent pleading utterly fails to state any plausible and legally cognizable claim for relief. Most of the defendants moving for dismissal point out Plaintiffs' failure to allege sufficient facts to put them on adequate notice of the claims asserted against them, failure to assert legally cognizable rights to relief, and failure to identify which defendants among large groups listed in the pleading are responsible for taking allegedly wrongful acts. The Court agrees that the TAC suffers from these

and other pleading defects. The TAC, through amendment, has grown to over 100 pages—not counting its many exhibits—and is not the "short and plain statement" required by Rule 8. At the same time, however, the various factual vignettes strung together in the TAC are generally lacking in specificity as to which specific defendants are alleged to have taken what acts that give rise to Plaintiffs' entitlement to relief.

Improper group pleading is endemic throughout the TAC, leaving entirely unclear what the grounds for relief are against specific defendants. *See Tillery v. United States Marshals Serv.*, Civ. No. SAG-23-00402, 2024 WL 3598117, at *3 (D. Md. July 31, 2024) ("In general, Plaintiff's Amended Complaint engages in improper group pleading, does not specify which claims are being asserted against which of the many listed defendants . . . ."). For example, Plaintiffs accuse groups of defendants like Wells Fargo and Verizon, along with PNC Bank and several other defendants, collectively, of "negative reporting" with no description of what information was reported, by whom and to whom it was reported, or when, ECF 9 at 34–36—leaving entirely unclear the relevant facts that support any legal theory for recovery against each of the numerous defendants. Separately, Plaintiffs accuse Walmart of "overcharging" for grocery items without identifying the items, the prices, when or where the "overcharging" occurred, or any reason to believe that any "overcharging" occurred at all, and leaving the legal basis for relief a mystery. ECF 9 at 33. Further, the TAC lobs allegations of fraud against several defendants without the particularity required by Rule 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

The TAC is also riddled with legal conclusions and naked assertions that are not entitled to any presumption of truth and bear no apparent connection to any allegations of fact. Further, the TAC appears to rely upon statutes and regulations that do not presently provide a private right to

relief, *see, e.g.*, ECF 9 at 22–23 (asserting claims against Verizon, Google, and others for violation of "the SEC 30 Day Reporting Policy" and the Maryland Online Data Privacy Act); and facts that do not give rise to any legally cognizable claim for relief, *see, e.g.*, ECF 9 at 44–53 (asserting claim for billions of dollars in compensatory and punitive damages against GoDaddy for allegedly conducting business in Maryland without registration).

At bottom, viewing in the light most favorable to Plaintiffs what remains of the TAC after severance of the remanded state-law claims, *see* Parts II & II *supra*, one is left to speculate whether Plaintiffs are entitled to the extraordinary monetary and injunctive relief they seek. While the Court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), liberal construction does not require this Court to ignore a clear failure to state a plausible claim for relief, *see Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Accordingly, the motions to dismiss filed by Wells Fargo, GoDaddy, Walmart, Google, and Verizon shall be granted, and all remaining claims shall be dismissed as frivolous and for failure to state a claim for relief.

"[F]ederal courts have the power and obligation to protect themselves from abusive filing of frivolous and repetitive claims." *Arnold v. CitiMortgage, Inc.*, 578 F. Supp. 2d 801, 803 (D. Md. 2008) (quoting *McMahon v. F & M Bank–Winchester*, 45 F.3d 426 (4th Cir. 1994)). Thus, "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." *Daniels v. Leibowitz*, Civ. No. GJH-16-2645, 2017 WL 1273936, at *7 (D. Md. Feb. 3, 2017) (quoting *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012)). The Court exercises that authority here and shall dismiss the claims that remain in this case after the limited remand.

The Court notes that this case is far from Cofield's first. In a prior, and similarly defective, action removed to this Court in 2023, Judge Bredar recounted Cofield's history of frivolous and vexation litigation as follows:

> Cofield has a decades-long documented history of filing meritless litigation around this country. More than thirty years ago, the Eleventh Circuit described Cofield as "a con-artist who [seeks] to use the legal system to extort settlements from unsuspecting parties." *Cofield v. Alabama Pub. Serv. Comm'n*, 936 F.2d 512, 516 (11th Cir. 1991). Shortly thereafter, the Sixth Circuit affirmed Cofield's conviction for wire fraud relating to a scam lawsuit, noting he "admitted to having filed 150–200 similar lawsuits, 95% of which were scams for profit." *United States v. Cofield*, 960 F.2d 150 (6th Cir. 1992). In 2014, one district court described Cofield as a "recreational litigant," defined to mean one "who engages in litigation as sport and files numerous submissions with little regard for substantive law or court rules." *Cofield v. United States*, No. 14-2637 RMB, 2014 WL 1745018, at *1 (D.N.J. Apr. 30, 2014) (citations and internal quotation marks omitted). That court determined that "prior to initiating" the case before it, Cofield had "already commenced *one hundred and fifteen* civil matters in various federal district courts, including the United States District Courts for the Western and Eastern Districts of Virginia, Southern and Northern Districts of Alabama, District of Maryland, District of Columbia, Eastern District of Kentucky, Eastern District of Tennessee, Northern District of Florida, District of Kansas, District of Colorado, Northern District of Georgia, Eastern District of North Carolina, Southern District of New York, Northern District of Ohio, and Middle District of Pennsylvania." *Id.* (emphasis in original). In addition, the district court noted that Cofield "filed over twenty appellate actions with the United States Courts of Appeals for the Fourth, Sixth, Eleventh and Federal Circuits and several actions with the United States Supreme Court." *Id.* This district court concluded that Cofield "cannot keep litigating his frivolous claims." *Id.* at *2.
>
> Further, Cofield was recently placed under a pre-filing injunction in a case in this district, *Lacks v. Thermo Fisher Scientific, Inc.*, Case No. 21-2524-DLB. (*See* Case No. 21-2524-DLB, ECF No. 65.) In *Lacks*, the district court determined that Cofield, a non-party who sought to intervene in the case, "attack[ed] the plaintiff" with "incendiary language" and that his various filings "serve[d] only to impede the progress of the litigation, harass the parties, and burden the Court and litigants with having to respond to baseless requests." (*Id.* at 3.)

14

*Cofield v. Passport Motors Holdings, Inc.*, 686 F. Supp. 3d 424, 428–29 (D. Md. 2023).

Like the instant case, Judge Bredar found the complaint in his case to string together unrelated claims generally lacking in clarity and substance as to the factual basis for relief. *Id.* at 427–28. Accordingly, the Court dismissed the case *sua sponte*. What remains of the instant case after remand of the severed defendants is subject to dismissal for the same reasons.

The Court recognizes that there are several motions pending in this matter apart from the above-described motions to dismiss.[4] Most of the pending motions were filed by the Plaintiffs. The relief sought in the Plaintiffs' motions, to the extent it can be discerned, range from inappropriate forms of injunctive relief to requests for entry of default as to certain defendants. These motions shall be denied as moot and without merit.[5]

## IV.    CONCLUSION

For the reasons stated above, the Plaintiffs' motion to remand (ECF 105) is granted in part and denied in part; the claims asserted against the City Defendants and the Passport Defendants are remanded to the Circuit Court of Baltimore City, Maryland; the motion to dismiss filed by Wells Fargo (ECF 14), GoDaddy (ECF 28), Walmart (ECF 89), Google (ECF 98), Equifax (ECF 109), Verizon (ECF 115), and PNC Bank (ECF 143) are granted; the motion to quash filed by

---

[4] One such motion filed by a defendant shall be granted. Defendant Texas Roadhouse, Inc. and related defendants (collectively, "Texas Roadhouse") filed a motion to quash service. ECF 122. Texas Roadhouse details Plaintiffs' failure to effect proper service upon these defendants' resident agent in compliance with Rule 4 of the Federal Rules of Civil Procedure, *id.*, notwithstanding Plaintiffs' assertion to the contrary, *see* ECF 86. Plaintiffs did not respond to this motion. For the reasons stated in the motion, it shall be granted as unopposed.

[5] Any preliminary injunctive relief sought by Plaintiffs requires them to present a clear showing that will likely succeed on the merits of their claims. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20–22 (2008). Plaintiffs cannot make that showing because they fail even to state a plausible claim for relief. And clearly, any default to which Plaintiffs may be entitled would be ineffectual because no default judgment may be granted on meritless claims. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780–81 (4th Cir. 2001).

Texas Roadhouse (ECF 122) is granted; all remaining claims are dismissed; and all remaining motions are denied.

    A separate Order will issue.

DATE: 9/25/25

                                        Matthew J. Maddox
                                        United States District Judge